## W. T. FENTON ET AL. v. FARMERS AND MERCHANTS NATIONAL BANK.

### Decided November 20, 1901.

**1.—Judgment—Supersedeas Bond.**

Where plaintiff in a suit to recover land had judgment therefor on condition that he pay into court within ninety days, for the use of defendants, a certain sum of money, his bond on appeal in double the amount of costs, conditioned as required by the statute (Revised Statutes, articles 1404, 1405), was a supersedeas bond, suspending the judgment during appeal, though not given for an amount double the sum required to be paid as a condition for recovering the land.

**2.—Supersedeas—Conditional Judgment—When Taking Effect.**

Where a judgment for recovery of land on condition of paying a certain sum of money into court for the use of defendants, within ninety days, was suspended by appeal with supersedeas, and writ of error applied for in the Supreme Court on affirmance, the judgment only became effective on the refusal of writ of error by that court; and a payment of the money into court within ninety days from such refusal of the writ of error was in time to save plaintiff's right to the judgment for recovery of the land.

Appeal from McLennan. Tried below before Hon. Marshall Surratt.

Fenton and Bomar sued the bank, and appealed from a judgment in favor of defendant on demurrer.

*Bomar & Bomar,* for appellants.

*Jno. W. Davis,* for appellee.

COLLARD, ASSOCIATE JUSTICE.—The court below sustained a general demurrer to the suit of plaintiff below, appellant in this court, from which this appeal is taken. The suit was brought in the District Court of McLennan County by W. T. Fenton and D. T. Bomar against appellee, the Farmers and Merchants National Bank. The petition shows that on the 3d day of March, 1899, the defendant bank recovered judgment in the District Court of McLennan County against plaintiff Fenton, Joshua A. Graham, and Mrs. Lucretia Schuster for three-fourths undivided interest in certain lands in Sterling County, upon condition that it pay into the registry of the court for the use and benefit of said Fenton, Graham, and Schuster, within ninety days from the date of the

judgment, $9964.62, with interest thereon at 6 per cent per annum from the date of the judgment, and that the judgment provided as follows: "It is further ordered, adjudged, and decreed by the court that in the event the plaintiff, the bank, shall fail to pay said sum of money, as hereinbefore provided, within the time prescribed, together with interest, then and in that event it is ordered, adjudged, and decreed that the plaintiff [the bank], without further order of this court, take nothing by its said suit against defendants W. T. Fenton, J. A. Graham, and Mrs. Lucretia Schuster, and that said defendants recover of and from said plaintiff all costs by them in this behalf incurred, and that they be forever quieted in their title and possession to said lands above named, as against the plaintiff in this suit;" that both parties appealed from the judgment, filing appeal bonds to the Court of Civil Appeals for the Third Supreme Judicial District of Texas, at Austin; that both appeals were duly presented, and the Court of Civil Appeals at Austin reversed and remanded the cause on the 3d day of January, 1900; that both parties filed motions for a rehearing, and the motion by Fenton, Graham, and Schuster was overruled, and the motion by the bank was granted, and the judgment of the Court of Civil Appeals theretofore entered was set aside, and judgment of the District Court duly affirmed, on the 21st day of March, 1900; that both parties to the appeal filed in the Supreme Court of the State separate applications for writs of error to the judgment of the Court of Civil Appeals, each of which was, by the Supreme Court of the State, duly refused on the 31st of May, 1900. (Copies of the judgments referred to as exhibits are made a part of the petition.)

It is further alleged that about the 5th day of March, 1899, said Graham and Mrs. Schuster, joined by her husband, conveyed to D. T. Bomar their interests in the lands described in the decree of the Court of Civil Appeals; that the mandate was returned and filed in the trial court July 7, 1900, and the money referred to was paid to the clerk of the District Court of McLennan County, B. H. Kendall, and by him deposited in the First National Bank of Waco, certificate of deposit taken, and the deposit transferred by the clerk to the Waco State Bank of Waco, in November, 1900, where it is now standing in the name of the present clerk of the court, and plaintiffs have refused to accept the money; that on the 17th day of July, 1900, the defendant bank deposited with the clerk of said District Court the sum of $10,785.50, the amount being the sum provided to be paid by said decree, with interest to said date; that more than ninety days elapsed between the rendition of said judgment and the deposit of said money, and more than ninety days between the affirmance of said judgment by the Court of Civil Appeals and the deposit of said money, but less than ninety days elapsed between the refusal of the writ of error by the Supreme Court and the payment of said money into court.

It is then alleged that petitioners are the owners of the title and in possession of the said land described in said judgment; that defendant

·claims to be the owner and entitled to the possession of the land under
·said judgment, and has obtained from the clerk of said District Court
.a writ of possession for the land and is about to place it in the hands
·of the sheriff of Sterling County, who will undertake to execute the
·same and ·oust plaintiff from the possession of the premises.    Prayer
for judgment quieting plaintiffs in the title and possession of the land,
.and for injunction" restraining defendant from executing said judg-
ment, and such other relief, etc.

The court below sustained a general demurrer to the foregoing peti-
tion as before stated, and plaintiffs refusing to amend, judgment was
rendered in favor of the bank that it go hence and recover its costs,
.etc., from which plaintiffs have appealed.

The original judgment was that the bank recover of W. T. Fenton,
Joshua A. Graham, and Lucretia Schuster an undivided three-fourths
of the land upon condition that it pay into court in ninety days
$9964.62; and the bank at the same time recovered judgment against
D. T. Bomar, A. N. and N. Schuster, A. Judson Cole, Mrs. Luda Cole,
and Florence King on their disclaimers.   The disclaimers did not ap-
peal.   Only Fenton, Graham, and Schuster appealed, and the bank.

The bank's bond of appeal is attached to the, petition as an exhibit
"C."   This bond recites the disclaimers of A. N. Schuster, A. Judson
Cole, Mrs. Luda Cole, Mrs. Florence King, August Schuster, and D. T.
Bomar and judgment as to them "by which decree," states the bond,
"plaintiff recovers an undivided three-fourths interest from the remain-
ing defendants under their disclaimers in school sections Nos. 20, 28,
30, and 32 in the name of the S. P. R. R. Co., in block 12, and sections
Nos. 4 and 8 in the name of the same company in block 13, Sterling
County; and by which decree the court further adjudges that the other
lands described in plaintiff's petition were, on December 5, 1893, owned
by the partnership of A. and A. N. Schuster, three-fourths to A. Schus-
ter and one-fourth to A. N. Schuster, and that the aggregate amount
of their partnership indebtedness was $13,964.62; and that said con-
veyance of December 5, 1893, should be set aside, but that said property
should be made subject to the payment of said partnership debts; where-
upon the court adjudged to plaintiff a three-fourths undivided interest
in and to all the rest of the lands described in plaintiff's petition over
and above the school lands (which decree describes said land), upon
condition that plaintiff pay into court for the defendants Fenton and
Graham, within ninety days from the date of said decree, the said sum
of $9964.62, the same being three-fourths of said firm indebtedness,
together with interest thereon at the rate of 6 per cent per annum from
March 3, 1899, and that plaintiff be admitted to the joint possession
of said land with said defendants Fenton and Graham; and that plain-
tiff recover of and from the defendants Fenton and Graham and Mrs.
Lucretia Schuster all costs in this behalf expended.   The court further
adjudged and decreed that if plaintiff should fail to pay said sum of
money as hereinbefore provided within the time prescribed, together

with the interest thereon, then and in that event plaintiff, without further order of this court, take nothing by its said suit against said defendants Fenton, Graham, and Lucretia Schuster; and that said defendants recover of and from the said plaintiff all costs by them in this behalf incurred, for which let execution issue; and that they be forever quieted in their title and possession to said lands above named, as against the plaintiff in this suit.

"And whereas, on the 27th day of March, 1899, the court entered an order in this cause overruling plaintiff's amended motion for a new trial, and for reformation of the above judgment, to which ruling of the court * * * the plaintiff in open court excepted and gave notice of appeal, and from which said judgment the said Farmers and Merchants National Bank has taken an appeal to our Court of Civil Appeals, and desires to suspend the execution of said judgment during the pendency of said appeal. Now, therefore, we, the Farmers and Merchants National Bank as principal, and [naming sureties] acknowledge ourselves bound to pay A. N. Schuster, Mrs. Lucretia Schuster, A. Judson Cole, Mrs. Luda Cole, Mrs. Florence King, August Schuster, D. T. Bomar, W. T. Fenton, and J. A. Graham, the sum of two thousand ($2000) dollars, conditioned that appellant shall prosecute its appeal with effect and shall pay all costs which have accrued in the court below, and which may accrue in the Court of Civil Appeals and the Supreme Court, and that the said the Farmers and Merchants National Bank as principal, and R. O. Rounsaville and Sam Sanger as sureties, are held and firmly bound unto [naming appellees] that the said the Farmers and Merchants National Bank shall prosecute its appeal with effect, and in case the judgment of the Supreme Court or of the Court of Civil Appeals shall be against it, it shall perform its sentence, judgment, or decree and pay all such damages as said courts may award against it; and further conditioned that the Farmers and Merchants National Bank in case judgment is affirmed, shall pay to [naming appellees] the value of the rental hire of the land described in said judgment of March 3, 1899, in any suit that may be brought therefor."

The defendants in the suit also filed an appeal bond in the sum of $2000 payable to bank, conditioned that Fenton, Graham, and Lucretia Schuster and her husband A. N. Schuster prosecute their appeal with effect, "and in case the judgment of the Supreme Court or Court of Civil Appeals shall be against them, that they shall perform its sentence, judgment, or decree, and pay all such damages and costs as said court may award against them; and in case the judgment is affirmed, pay to appellees, or either of them, the value of the rent or hire of said property described in said judgment in any suit which may be brought therefor."

*Opinion.*—It is contended by appellants that the bond of appeal of the bank was not a supersedeas bond, and that therefore the judgment

of the District Court was not superseded by the appeal, and that more than ninety days having elapsed from the date of the judgment in the District Court to the time of the deposit of the amount of money in court by the bank, it lost its right to pay the same, and its right to the land on compliance with that condition of the recovery of the land, as required by the judgment.

The bond of appeal of the bank is a supersedeas bond from the judgment rendered. There was no money judgment recovered; only a condition that upon the payment of a certain sum of money the bank should, without further order of the court, recover the land, and in case of failure to do so to take nothing by its suit. Defendants contended that plaintiff should not take the land on such terms. The bond is in form of a supersedeas bond upon a judgment for land, and it had the effect to stay all further proceedings under it, pending appeal in both the Court of Civil Appeals and the Supreme Court. Rev. Stats., arts. 1404, 1405, 2326.

The judgment of the District Court was not final and did not become final until it was in effect affirmed by the Supreme Court. Then it began to operate, and not until then. The ninety days time in which the bank was allowed to pay the money as a condition to the recovery of the land did not begin to elapse until the Supreme Court refused the writ of error to the Court of Civil Appeals. Then the judgment of the District Court began to have effect. It was suspended until then by the appeal upon supersedeas bond. Rev. Stats., art. 1406; Railway v. Jackson Bros., 85 Texas, 605; 68 Texas, 98. There is no question but that the bank had the right to appeal from the judgment, and thus suspend its operation during appeal. The petition to which the demurrer was sustained showed the fact that defeated the action, that the amount of money required by the judgment, with interest, was delivered into court by the defendant in the time fixed by the judgment. The demurrer was therefore properly sustained, and the judgment is affirmed.

*Affirmed.*

Writ of error refused