FAIN et al. v. McCAIN, Clerk of District Court. (No. 759.)

(Court of Civil Appeals of Texas. El Paso. Dec. 6, 1917. Rehearing Denied Jan. 3, 1918.)

1. APPEAL AND ERROR &⟶485(3) — TIME OF PERFORMANCE OF JUDGMENT.

The judgment of the trial court in trespass to try title, conforming to Vernon's Sayles' Ann. Civ. St. 1914, arts. 7764, 7765, providing that plaintiff may pay the value of improvements within one year and have writ of possession, but that if he defaulted defendant should have 6 months thereafter to pay for the land and take title gives the periods specified after final order terminating the action, and although appeal was taken by giving cost bond only it continued the case until final decision by the Supreme Court, so that defendant had 18 months thereafter to pay for the land.

2. MANDAMUS &⟶151(1)—PARTIES.

In mandamus to compel clerk of court to issue writ of possession, the petition was demurrable, where it showed upon its face a controversy between plaintiff and others over the title, and none of such persons were made parties.

Appeal from District Court, Anderson County; John S. Prince, Judge.

Suit by J. A. Fain and others against E. T. McCain, Clerk of District Court. Suit dismissed, and plaintiffs appeal. Affirmed.

W. R. Petty, of Palestine, for appellants. Thos. B. Greenwood, of Palestine, for appellee.

HARPER, C. J. This suit was brought by appellants against appellee as clerk of the district court of Anderson county to compel, by mandamus, the issuance of a writ of possession in favor of appellants for 12.01 acres of land, which had been adjudged to appellants, subject to the right of an improver in good faith to retain same by payment of the value of the land. The court sustained six special exceptions to appellants' original petition, and appellants not seeking to amend, the suit was dismissed, and to reverse the judgment of dismissal this appeal is prosecuted.

The first assignment is:

"The court erred in sustaining defendant's exceptions from 1 to 5, inclusive, to plaintiff's original petition, as shown by the judgment in this cause."

The second assignment is that it was error to sustain appellee's sixth exception to the petition which reads:

"Defendant excepts to plaintiff's original petition because the facts therein stated negative any cause of action in favor of plaintiff against defendant, and affirmatively show that plaintiffs are not entitled to the mandamus prayed for."

The petition sought by this appeal to be held sufficient reveals that J. A. Fain brought suit against T. A. Nelms in trespass to try title to 12 acres of land, and secured a judgment for the land and defendant for the value of his improvements. The judgment is dated May 8, 1911. The judgment further provides that plaintiff may pay the value of the improvements within one year and have his writ of possession, and, further, that in case plaintiff did not pay the value of the improvements, then the defendant had 6 months after the one year to pay $125 of the value of the land and take title, etc. The cause was appealed by filing cost bond only (opinion affirming judgment, 156 S. W. 281), and affirmed March 27, 1913. Application for writ of error was overruled by Supreme Court October 22, 1913, 159 S. W. xxiii, and that W. H. Young, on April 17, 1915, for the heirs and legal representatives of said Nelms, paid to the clerk the said sum of $125.

[1] It will be noted from the above statement that the money was paid within 18 months from the final order of the Supreme Court denying writ of error, but not within 18 months of the date of the judgment of district court. The controlling question is: Was the appeal bond filed, since it provided only for costs, sufficient to supersede the judgment so as to permit appellees to pay the value of the land at the date they did, instead of within 18 months of the date of the trial court's judgment?

The judgment conforms to the provisions of articles 7764 and 7765, Vernon's Sayles' Statutes of Texas:

"Art. 7764: In any action of trespass to try title, when the lands or tenements have been adjudged to the plaintiff, and the estimated value of the improvements in excess of the value of the use and occupation and damages has been adjudged to the defendant, no writ of possession shall be issued for the term of one year after the date of the judgment, unless the plaintiff shall pay to the clerk of the court for the defendant the amount of such judgment in favor of the defendant, with the interest thereon.

"Art. 7765: If the plaintiff shall neglect for the term of one year to pay over the amount of said judgment in favor of the defendant, with the interest thereon, as directed in the preceding article, and the defendant shall, within six months after the expiration of said year, pay to the clerk of the court for the plaintiff the value of the lands or tenements without regard to the improvements, as estimated by the court or jury, then the plaintiff shall be forever barred of his writ of possession, and from ever having or maintaining any action whatever against the defendant, his heirs or assigns, for the lands or tenements recovered by such suit."

Whilst there is some conflict of authority, we think the true rule to be that the party recovering the land had 12 months after the final order of the court which terminated the action within which to pay for the improvements, and the party recovering judgment for the improvements had 6 months after the expiration of the period of one year from such final order within which to pay the value fixed by the trial court for the land. In other words, filing an appeal bond, although for costs only, and prosecuting an appeal had the effect of continuing a pending case until the final order of the Supreme Court which terminated the cause. Trunk Ry. Co. v. Jackson Bros., 85 Tex. 608, 22 S. W. 1030; Fenton v. Bank, 27 Tex. Civ. App. 231, 65 S. W. 199.

It further affirmatively appears that defendant Nelms in the original suit at the time of instituting this suit was dead, and it nowhere appears in the petition that plaintiff had complied with article 3724, Vernon's Sayles' Statutes of Texas:

"In all cases of judgments other than money judgments, where the sole defendant or one or more of several joint defendants, shall die after judgment, upon an affidavit of such death being filed with the clerk, together with the certificate of the appointment of a representative of such decedent, under the hand and seal of the clerk of the court wherein such appointment was made, the proper process on such judgment shall issue against such representative."

[2] It also appears from the face of the petition that there is a controversy between this plaintiff and the heirs and legal representatives of deceased Nelms over the title to the land, and that none of said persons are made parties to this action. It is well settled that all parties at interest should be made parties in a proceeding for mandamus. Smith v. Power, 2 Tex. 68; Jefferson v. McFaddin, 178 S. W. 714, and the authorities cited in the latter.

It was therefore not error to sustain the exceptions to the petition. It follows that the judgment of dismissal must be affirmed, and it is so ordered.

WALTHALL, J., did not sit, being absent on committee of judges assisting the Supreme Court.