## HUME v. MOORE. (No. 5549.)

(Court of Civil Appeals of Texas. Austin.
March 20, 1918. Rehearing Denied
May 8, 1918.)

APPEAL AND ERROR ⬤⟿1175(1)—REVERSAL—
RENDERING JUDGMENT—CONSTRUCTION.

Where on reversal judgment was rendered in trespass to try title giving defendant right to writ of possession provided plaintiff did not make certain payment into court within 12 months, and on default defendant to make a payment within 6 months after expiration of such 12 months, and retain possession, the time within which payment could be made did not start running, where writ of error was asked for, until application therefor had been passed on.

Appeal from District Court, McLennan County; J. Walter Cocke, Special Judge.

Action by S. L. Hume against Marvin Moore. Judgment for defendant reversed upon appeal, whereupon defendant brought error, which was denied. Writ of possession issued in favor of plaintiff, and defendant moves to quash the writ. Writ quashed.

See, also, 188 S. W. 712.

Pat M. Neff, of Waco, for the motion. W. B. Carrington and W. L. Eason, both of Waco, opposed.

### On Motion to Quash Writ of Possession—Findings of Fact.

JENKINS, J. Appellant brought suit in trespass to try title to recover of appellee certain lots in Waco, Tex. The judgment of the district court was in favor of appellee. Upon appeal this court, on June 14, 1914, reversed the judgment of the court below, and rendered judgment awarding title to appellant, upon condition that he pay to the clerk of this court for appellee, within 12 months from said date, $2,600, with interest at the rate of 6 per cent. per annum, and upon payment of which sum the clerk of this court should issue a writ of possession in favor of appellant, and further providing that, if the appellant should fail to make such payment, the appellee should have 6 months from the expiration of said 12 months in which to pay to the clerk of this court for appellant $1,600, upon the payment of which sum the appellant's right to the possession of said premises should be forever barred. Upon the failure of appellee to make such payment a writ of possession was to issue in favor of appellant.

Appellee in due time and in manner provided by law presented to the Supreme Court of this state his application for a writ of error, which was by said court denied on November 28, 1917.

Neither the appellant nor the appellee has paid to the clerk of this court any sum of money, as provided in the judgment of this court.

The clerk of this court on February 12, 1918, issued a writ of possession to the sheriff of McLennan county, commanding him to put appellant in possession of said premises.

On March 5, 1918, the appellee filed in this court a petition asking that we order said writ of possession recalled, alleging that the sheriff of McLennan county was about to proceed to execute the same. We issued the order as prayed for, and set this matter down for hearing on this date.

---

⬤⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Opinion.

It will be seen from the foregoing statement of facts that more than 18 months had elapsed from the rendition of judgment by this court when the writ of possession was issued by the clerk of this court, but that only 2 months and 14 days had elapsed since the writ of error herein was denied by the Supreme Court. The issue here is: Did the time for the respective payments, as provided by the judgment of this court, begin from the date of said judgment or from the time the writ of error was denied by the Supreme Court?

Upon the authority of Fenton v. Bank, 27 Tex. Civ. App. 231, 65 S. W. 199, we hold that time for such payments did not begin to run until the denial of the writ of error. We quote from said decision as follows: "The 90 days' time in which the bank was allowed to pay the money as a condition to the recovery of the land did not begin to elapse until the Supreme Court refused the writ of error to the Court of Civil Appeals."

The clerk of this court will be governed by this opinion in the issuance of a writ of possession herein.