**HARPER et al. v. THOMPSON et al.**
**(No. 1337.)**

(Court of Civil Appeals of Texas. Beaumont.
Feb. 13, 1926. Rehearing Denied
March 3, 1926.)

1. **Counties** ⬤⇒196(7)—**Contract within statute, requiring its submission to competitive bidding, may be enjoined on allegation alone that petitioner is resident taxpaying citizen of county (Rev. St. 1925, art. 2368).**

Execution of contract with county coming within Rev. St. 1925, art. 2368, requiring its submission to competitive bidding, but not made in compliance therewith, may be enjoined on allegation alone that petitioner is a resident taxpaying citizen of county without showing that performance of contract would result in injury, but, if statute does not apply to contract, its illegality and resulting injury must be shown.

2. **Counties** ⬤⇒196(3)—**Contract by commissioners' court for installation of plat book system and abstract of property authorized by statute cannot be enjoined by one merely as a taxpaying resident citizen, unless it is void, for not having been submitted to competitive bidding (Rev. St. 1925, arts. 2368, 7335, 7344).**

Contract made by commissioners' court for installation of plat book system for county and for abstract of property, being authorized by Rev. St. 1925, arts. 7335, 7344, cannot be enjoined by one merely as a resident taxpaying citizen, unless contract is void by reason of its not having been submitted to competitive bidding, as required by article 2368.

3. **Counties** ⬤⇒116—**Contract by commissioners' court for installation of plat book system and abstract of property requiring scientific skill does not come within statute requiring submission of contracts by commissioners' court to competitive bidding (Rev. St. 1925, arts. 2368, 7335, 7344).**

Contract by commissioner's court for installation of plat book system and for a complete abstract of property, authorized by Rev. St. 1925, art. 7335, 7344, and requiring scientific and technical skill and accurate knowledge of tax laws, does not come within article 2368, requiring contracts by commissioners' court to be submitted to competitive bidding, and hence its enforcement cannot be enjoined by one merely because he is a resident taxpaying citizen of county.

4. **Counties** ⬤⇒116—**Ability of others to perform contract for installation of plat book system and for abstract of property does not show that performance does not require technical skill (Rev. St. 1925, arts. 7335, 7344).**

Fact that there are a dozen or more persons in county capable of performing contract by commissioner's court for installation of plat book system and for abstract of property, authorized by Rev. St. 1925, arts. 7335, 7344, does not show that performance of contract does not require technical and scientific knowledge.

Appeal from District Court, Angelina County; C. A. Hodges, Judge.

Injunction by J. A. Thompson and another to restrain A. O. Harper and others from executing and performing a contract with the county. From an order refusing to dissolve temporary writ of injunction and enjoining further performance of the contract, defendants appeal. Order reversed and set aside, and temporary writ dissolved.

W. M. Harris and Harper & Harper, all of Dallas, for appellants.

W. S. Poston and J. S. Redditt, both of Lufkin, for appellees.

HIGHTOWER, C. J. This appeal is from an order of Hon. C. A. Hodges, district judge of the Second judicial district of this state, refusing to dissolve a temporary writ of injunction that he had theretofore granted against appellants, enjoining the further performance of a certain contract that Angelina county, acting through its commissioners' court, had made with A. O. Harper and S. W. Harper, composing the firm of Harper & Harper, two of the appellants here. The following facts underlie this controversy:

On April 15, 1925, Angelina county, acting through its commissioners' court, entered into a written agreement with A. O. Harper and S. W. Harper, composing the firm of Harper & Harper, to make a plat book or block map of all the lands in Angelina county, Tex., and also a complete survey of all land assessed in that county and unknown and unrendered for purposes of taxation and upon which taxes were delinquent. On June 27, 1925, the appellees J. A. Thompson and R. L. Mayne, alleging that they were resident taxpayers and citizens and qualified voters of Angelina county, presented to the Hon. C. A. Hodges, judge of the Second judicial district of this state, in chambers, their petition for injunction, and secured from that judge a temporary writ enjoining and restraining appellants from the execution and performance of the contract mentioned. Thereupon appellants filed an answer to the petition, and also a motion to dissolve the temporary writ of injunction. The answer denied generally and specially all the allegations made by appellees attacking the validity of the contract, the performance of which they sought to enjoin, and was duly sworn to by appellants. The motion to dissolve was set down for hearing by Judge Hodges, and at the hearing evidence was heard touching the motion, after which the motion was overruled and the temporary writ continued in force until further ordered by the court.

The contract entered into between Angelina county and Harper & Harper, in the first paragraph thereof, provides that Angelina county "agrees to employ, and does employ, the second party (Harper & Harper) to make and install a complete plat book system, or block map for Angelina county, Tex., showing each

and every tract, lot or parcel of land in Angelina county, Tex., with description thereof; said plat book to have each and every tract, lot or parcel of land numbered and to show the contracts in each and every tract, lot or parcel of land, and record owner of the same on January 1, 1925." The second party (Harper & Harper) agrees to perform the above work in a skillful manner "for and in consideration of the sum of eighteen thousand ($18,000) dollars paid in and evidenced by legally issued warrants against the collection of delinquent taxes, penalties, and interest of the several funds of said county, except the road and bridge and school funds, * * * the principal of said warrants to be payable from the collection of delinquent taxes, penalties, and interest, exclusive of the road and bridge and school funds, * * * the first collection of said delinquent taxes so collected to be placed in a fund to be denominated plat book warrant fund, class A, until the collection of said delinquent taxes, penalties, and interest shall be sufficient to pay said warrants, and said delinquent tax collections in said account shall be appropriated for said purposes; and in this connection first party (Angelina county) obligates itself to appropriate all delinquent county taxes collected for whatever fund, except such as are pledged to road and bridge and school purposes, to the payment of the above-mentioned warrants."

In the second paragraph of the contract it is provided:

"First party (Angelina county) agrees to employ, and does employ, the second party (Harper & Harper) to make a complete abstract of property assessed and unknown and unrendered for purposes for taxation and upon which taxes are delinquent."

It is agreed in the contract that the compensation for the work of making the abstract shall be 10 per cent. of the county's delinquent taxes collected, "said 10 per cent., however, not to be computed on the $18,000 of delinquent tax collection necessary to pay warrants issued for services in the making of the plat book system mentioned in paragraph 1."

The appellees in their petition for injunction made the commissioners' court of Angelina county, the county judge, the county attorney, the county tax assessor, the county tax collector, the county treasurer, and also the district attorney parties defendant, as well as the firm of Harper & Harper.

The appellees in their petition base their right to the injunction prayed for upon the fact alone that they are resident taxpaying citizens and qualified voters of Angelina county.

[1] Appellees in their petition challenge the legality of the contract and the authority of the commissioners' court of Angelina county to make it, upon several different grounds, but they do not allege any fraud on the part of any one in the execution of the contract, nor do they allege that they or either of them would sustain any injury of any character whatsoever by reason of the performance of the contract, and upon oral argument of this cause in this court the able attorney for appellees was frank enough to concede that appellees were not authorized to maintain this suit for injunction upon any of the grounds alleged by them in their petition, unless it be the ground that the contract involved here was unauthorized and void by reason of the failure and refusal of the commissioners' court of Angelina county to comply with the requirements of article 2368, Revised Civil Statutes of 1925 of this state, which article, in substance, declares that no commissioners' court in any county in this state shall make a contract calling for or requiring the expenditure or payment of $2,000 or more out of any fund or funds of the county or subdivision thereof without first submitting such purported contract to competitive bids. That article further provides that notice of the time and place when and where the contract will be let shall be published, etc., and further provides that the successful bidder shall make bond, etc., and deposit his certified check, etc., to insure compliance with his contract. The article further provides that any contract to which it applies made by the commissioners' court without compliance with its provisions shall be null and void, and any citizen and taxpayer of the county shall have the authority to enjoin its performance. Therefore, if article 2368 is applicable to the contract here involved, and the commissioners' court failed to substantially comply with the provisions of that article, the appellees would, upon the allegation alone that they are resident taxpaying citizens of Angelina county, have the right to maintain this suit for injunction, and to enjoin the performance of the contract, without a showing that its performance would result in any injury to them. On the contrary, if article 2368 has no application to the contract here involved, appellees cannot maintain this suit for injunction to prevent the performance of this contract without showing that the contract was illegal upon some ground, and that its performance would result in injury to them. We think that this proposition is elementary, and needs the citation of no authorities.

[2] It cannot be doubted that the commissioners' court of Angelina county was authorized, by article 7344, Revised Civil Statutes, 1925, to make the contract with Harper & Harper for the installation of a complete plat book system or block map for Angelina county, as provided by paragraph 1 of the contract. Nor do we doubt the authority of the commissioners' court of Angelina county, in so far as appellees have a right to question it, to make the contract with Harper & Harper for a complete abstract of property as-

sessed and unknown and unrendered for purposes of taxation and upon which delinquent taxes were due that county, and for Harper & Harper's assistance in enforcing the collection of delinquent taxes, as provided by the second paragraph of the contract. Such authority was given the commissioners' court, as against any right that appellees may have to question it in this suit, by article 7335, Revised Civil Statutes, 1925. Therefore it must follow that appellees, merely as resident taxpaying citizens and voters of Angelina county, had no right to enjoin the execution of the contract here involved, unless, as we have above stated, the contract was void by reason of article 2368, supra.

[3] Now appellants, as their third proposition for reversal of this judgment, contend that their motion to dissolve the temporary writ of injunction should have been sustained for the reason that the services required to be performed on their part were and are of such character as require scientific skill and technical knowledge and training in their performance and accurate familiarity with the tax laws of this state, and that no one, not possessing such technical knowledge and skill and familiarity, could perform such services as the contract calls for on their part, and, therefore, counsel for appellants contend that article 2368, supra, has no application to the contract here involved, and hence it must follow that appellees had no right to enjoin, as they did, performance of the contract. We have concluded, after carefully reading the record in this case and the authorities cited by appellants under the proposition just stated, that their contention must be sustained.

[4] There were a number of witnesses introduced upon the hearing of the motion to dissolve, and, while we will not undertake to detail the evidence of any of the witnesses, we think that it was shown beyond all doubt by all the witnesses, and without any contradiction upon any material point, that the services which the appellants bound themselves by this contract to perform for Angelina county are of such nature that no one not possessing technical knowledge and skill and much experience could perform. It is true that one or two of appellees' witnesses, upon hearing of the motion to dissolve, testified that in their opinion there were several persons in Angelina county who were competent to perform the services that were required of appellants by the contract; one of the witnesses stating that he thought perhaps there were as many as ten or a dozen persons in Angelina county who might perform such services. This witness, however, upon being asked to name such competent persons, was unable to name more than 4 or 5 that were, in his opinion, so competent. But it does not follow that, if there were a dozen or more persons in Angelina county who could perform the services called for by the contract, its performance does not require technical and scientific knowledge and skill and large experience, and we think that, when the evidence of all the witnesses is carefully weighed and analyzed, it shows beyond any doubt that the services that appellants were bound to perform under the contract are of such nature as require scientific and technical knowledge and skill and much experience in that line of work. This being shown, as we think, by the uncontradicted evidence adduced upon the hearing of the motion, the learned judge should have sustained the motion to dissolve the temporary injunction, because article 2368, supra, has no application to the character of contract here involved, and as to all other grounds upon which appellees claim the right to enjoin the contract, they could not do so merely as resident citizens and taxpayers of Angelina county. We think that any lengthy discussion of the conclusion we have reached that article 2368 has no application to this contract would be wholly unnecessary and unenlightening, because the question has been considered and discussed at length in the case of Hunter v. Whiteaker, 230 S. W. 1096. It was there plainly held by the San Antonio Court of Civil Appeals, speaking through Chief Justice Fly, that article 2368 has no application to a contract let by a commissioners' court in this state, where the services to be performed by the contractor require scientific or technical knowledge and skill, and standard authorities are cited and discussed by the court in that case in support of its conclusion. See, also, Tackett v. Middleton (Tex. Civ. App.) 271 S. W. 303; City of Houston v. Glover, 89 S. W. 425, 40 Tex. Civ. App. 177; City of Houston v. Potter, 91 S. W. 389, 41 Tex. Civ. App. 381; 8 McQuillin on Municipal Corporations, § 1189; 2 Dillon on Municipal Corporations, § 802. No useful purpose would be served by further protracting this opinion, and it is our order and judgment that the order of Hon. C. A. Hodges refusing to dissolve the temporary writ of injunction be reversed and set aside, and that the temporary writ granted by him be dissolved.