HARPER et al. v. THOMPSON et al.
(No. 1482.)

(Court of Civil Appeals of Texas. Beaumont. March 4, 1927. Rehearing Denied March 16, 1927.)

1. **Appeal and error ⊚⟺544(1)—Verdict for plaintiffs after remand for trial on merits held not reviewable without statement of facts.**

On appeal from judgment enjoining execution of contract with county, after dissolution of temporary injunction and remand of case for trial on merits on. appeal from order denying motion to vacate injunction, verdict for plaintiffs cannot be reviewed without statement of facts, in absence of finding on former appeal that case had been fully developed.

2. **Appeal and error ⊚⟺1195(3)—Opinion on former appeal that, under uncontradicted evidence, contract let by county without due advertising required technical skill, held not law of case (Rev. St. 1925, art. 2368).**

Appellate court's opinion, on appeal, from refusal to vacate temporary injunction against execution of contract with county, that uncontradicted evidence showed that contract required technical knowledge and skill, and hence was not within Rev. St. 1925, art. 2368, as to advertising before letting, *held* not law of case binding trial court to which cause was remanded for trial on merits.

3. **Appeal and error ⊚⟺900—Evidence on appeal from judgment enjoining execution of contract held not presumptively same as on former appeal, wherein injunction was dissolved as contrary to uncontradicted evidence (Rev. St. 1925, art. 2368).**

There is no presumption that evidence on appeal from judgment enjoining execution of contract, let by county without due advertising required by Rev. St. 1925, art. 2368, pursuant to verdict that it did not require technical knowledge and skill, is same as on former appeal from refusal to vacate injunction, which appellate court dissolved on ground that uncontradicted evidence showed that contract required such knowledge and skill.

4. **Appeal and error ⊚⟺1175(1)—Appellate court, dissolving injunction on appeal from refusal to vacate it, can only remand case for trial on merits.**

On appeal from denial of motion to vacate temporary injunction, appellate court, on dissolving injunction, can only send case back to trial court for trial on merits.

Appeal from District Court, Angelina County; C. A. Hodges, Judge.

Suit by J. A. Thompson and others, as taxpayers of Angelina County, against A. O. Harper and others. Judgment for plaintiffs, and defendants appeal. Affirmed.

Harper & Harper and W. M. Harris, all of Dallas, and Geo. C. Johnson, of San Antonio, for appellants.

W. S. Poston, Fairchild & Redditt, and Mantooth & Denman, all of Lufkin, for appellees.

WALKER, J. [1] This suit was by appellees as taxpayers of Angelina county, Tex., to enjoin appellants from the execution of a contract with Angelina county to make a block map and abstract of Angelina county, showing all lands in the county and the amount of taxes due thereon, thereby proposing to aid the county in collecting its taxes. The principal ground relied upon by appellees for relief was that the contract had been let without due advertising, as required by the provisions of article 2368, Revised Statutes 1925. On a former appeal of this case, Harper v. Thompson (Tex. Civ. App.) 280 S. W. 861, complaining of the order of the district judge of Angelina county restraining appellants from executing the contract, we held that the uncontradicted evidence was to the effect that the contract for its due execution required technical knowledge and skill, and therefore did not come within the terms of article 2368. We further held, on the evidence before us on that appeal, that appellees did not have the legal right to prosecute the suit. On this finding we dissolved the temporary injunction and sent the case back for trial on its merits. The case is now before us upon such trial on the identical pleadings reviewed on the former appeal, but without a statement of facts. Judgment was rendered in favor of appellees, based on a jury's verdict that the contract did not require technical knowledge and skill. On that verdict judgment was entered enjoining the execution of the contract and declaring it void. Without a statement of facts, we cannot review the verdict of the jury. We did not find on the former appeal that the case had been fully developed—that is, that appellees had offered all the evidence at their command.

[2-4] Appellants advance the proposition that our opinion on the former appeal is the law of this case, and that, having held that the contract, under the uncontradicted evidence, required technical knowledge and skill, the trial court was foreclosed on that issue and was bound by what we there said. We do not so understand the law. 23 Cyc. 1215; Fain v. McCain (Tex. Civ. App.) 199 S. W. 889; Green v. Priddy, 112 Tex. 567, 250 S. W.

660; Kempner v. Huddleston, 90 Tex. 182, 37 S. W. 1066; Roberts v. Armstrong (Tex. Com. App.) 231 S. W. 371. All we did was to declare the legal effect of the evidence before us on the former appeal, which, as shown on the face of the opinion, was upon the trial judge's refusal to sustain a motion to vacate his injunction. Our construction of the nature of the contract in issue was not based upon its written terms, as was the contract in Kibbin v. McFaddin (Tex. Civ. App.) 259 S. W. 232; McFaddin v. Kibbin (Tex. Civ. App.) 288 S. W. 490, but was on the parol testimony offered on the hearing. There is no presumption that the evidence on this appeal is the same as on the former appeal.

Having sent the case back to the trial court for trial on its merits, which, in fact, is all the order we could make on an appeal from a temporary injunction, the duty and burden rested on it to try the case. Having no jurisdiction to review the correctness of the jury's verdict, in the absence of a statement of facts, the judgment of the trial court is in all things affirmed.