**TOLBERT et al. v. MOBLEY, Sheriff, et al.**

No. 1899.

Court of Civil Appeals of Texas. Waco.

June 4, 1936.

Rehearing Denied July 16, 1936.

R. D. Evans, of Waco, for relators.

ALEXANDER, Justice.

This is an original application filed in this court for an injunction. Caroline Tolbert and husband brought suit in the district court against Henry Porter in trespass to try title to a tract of land in McLennan county. The defendant, in addition to a plea of not guilty and a plea of limitation, alleged that plaintiffs' claim cast a cloud upon defendant's title and he prayed for removal thereof. Judgment was for the defendant, and plaintiffs sued out a writ of error to this court and perfected the writ of error proceedings by the giving of supersedeas bond. The plaintiffs in error, as relators, have filed in this court a petition against the said Henry Porter and against W. B. Mobley as sheriff of McLennan county, in which it is alleged that after judg-ment, and prior to perfection of the writ of error proceedings, a writ of possession was issued in favor of the defendant in error, Henry Porter, and that said sheriff of McLennan county is threatening to execute said writ and to put the defendant in error in possession of the property involved in this suit, and that he will do so unless restrained by this court. The relators ask this court to issue an injunction to restrain the sheriff from executing the writ of possession. The respondents deny any intention to execute the writ of possession.

■ Under the plain provisions of Revised Statutes, art. 2275, upon the perfection of an appeal or writ of error proceeding by the filing of a supersedeas bond, the execution of the judgment appealed from is stayed. Waters-Pierce Oil Co. v. State, 107 Tex. 1, 106 S.W. 326. The statute applies to judgments for the title and possession of land. 3 Tex.Jur. 387; Fenton v. Farmers' & Merchants' National Bank, 27 Tex.Civ.App. 231, 65 S.W. 199. It is plain, therefore, that the sheriff is not entitled to execute said writ of possession.

The respondents alleged that upon the filing of the suit in the lower court the relators sued out a writ of sequestration and caused the sheriff to take possession of said land; that neither of the parties replevined the property prior to perfection of the writ of error proceedings, but that since that time the respondent, Henry Porter, has executed and delivered to the sheriff a suitable replevy bond and has called upon said sheriff to deliver to him the possession of said land; and while the sheriff denies any intention to execute the original writ of possession issued out of the lower court, he admits an intention to deliver the possession of said land to Henry Porter by virtue of the execution of the replevy bond, unless denied the right to do so by this court.

■ Revised Statutes, art. 6849, provides for the replevy of sequestered property by the defendant. Said statute does not contain any express limitation as to the time within which the defendant may replevy, but in view of the fact that article 6852 provides that in case the suit is decided against the defendant, final judgment shall be against the obligors in the bond for the value of the land and the revenue therefrom, such value to be fixed as of the time of the giving of the bond or the time of the trial of the case as plaintiff may elect, we think it necessarily results that a defendant's

right to replevy the property terminates with the trial and entry of final judgment in the lower court, because it would be impossible to enter the judgment against the obligors on a bond that was given after the entry of such judgment. Therefore, the sheriff, as an officer of the lower court, is without authority at this time to accept a replevy bond from the respondent Henry Porter, and to place him in possession of the property in litigation pending the appeal.

The application for injunction is granted, and the sheriff will be restrained from placing respondent Henry Porter in possession of the property pending disposition of the appeal in this court.